I dissent from that part of the majority opinion holding that the evidence presented in this case was sufficient to sustain a conviction for sexual battery. As to the remaining assignments of error, I concur.
Appellant was charged with violating R.C. 2907.03(A)(3), which required the state to prove, beyond a reasonable doubt, that appellant engaged in sexual conduct with the complaining witness while she was "unaware" that it was occurring, and that the appellant knew that she was unaware. In my opinion, the testimony of the complaining witness, on cross-examination, that she was "aware" that the conduct was occurring precluded a conviction under this particular statute.
I recognize that the witness at various times stated that she was "unconscious," asleep, "out of it," "not really there," and/or drunk, but she was never asked on direct examination whether she was aware that the conduct was occurring. When cross-examined, she indicated that she was, in fact, aware of what was occurring. How, then, can the state have proven beyond a reasonable doubt that she was unaware, or, for that matter, that the appellant knew
that she was "unaware"? I would hold that it could not.
I am in no way indicating that a victim of a crime must use the exact words of the statute in describing the offense in order for the state to meet its burden. However, in this case, the victim used various descriptions of her state of mind, and her state of mind was a key issue. There was no wordplay or semantic argument occurring between defense counsel and the witness. Counsel was attempting to clarify a statement that the victim had given to police. Without even being asked, she stated that she had used the wrong word in describing her state of mind. Upon further clarification by counsel, she specifically stated that she was aware of the conduct while it was occurring.
I emphasize that I would hold the evidence insufficient to convict appellant of the specific conduct prohibited by R.C.2907.02(A)(3), and I make no comment on whether his conduct would be prohibited by another statutory section. I have also accepted as true the complaining witness's testimony and am in no way denigrating her situation. The state has a difficult burden in cases that involve the state of mind of the victim and/or the defendant. Still, we cannot relieve the state of its burden to establish all of the elements of a crime beyond a reasonable doubt before we can uphold a conviction.
In this case, the evidence was insufficient to prove that the victim was "unaware" that the sexual conduct was occurring, since she stated plainly that she was, indeed, aware. Furthermore, the evidence presented was simply insufficient to prove that appellant knew that the victim was unaware of what was happening. I would reverse the judgment of the trial court and discharge the defendant.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.